**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No.  2:23-cr-353-LSC-CWB |
| | ) | (WO) |
| **KEONTE MARTIN** | ) | |

**ORDER ON ARRAIGNMENT**

On November 21, 2023, the defendant (Keonte Martin) appeared in person and in open court with counsel (Mackenzie Lund) and was arraigned in accordance with the provisions of Rule 10 of the Federal Rules of Criminal Procedure.

**PLEA.**  The defendant entered a plea of **NOT GUILTY**.  Counsel for the defendant is instructed to contact the United States Attorney immediately if the defendant intends to engage in plea negotiations.  The court will not consider a plea pursuant to Rule 11(c)(1)(A) or (C) unless notice is filed at least 21 days before the set trial term.

**PRELIMINARY SENTENCING GUIDELINES INFORMATION.**  The court no longer requires the United States Probation Office to provide preliminary sentencing guideline information to defendants.  However, in difficult or complex cases, defendants may request the United States Probation Office to provide Sentencing Guideline calculation assistance with the understanding that any estimate is tentative only and is not binding on the United States Probation Office, the parties, or the court.  The court expects that requests for Sentencing Guideline calculation assistance shall be the exception and that defendants will not make such requests as a matter of routine.  A request for Sentencing Guideline calculation assistance shall be made in writing to the supervisor of the Presentence Investigation Unit of the United States Probation Office not later than ten days from the date of this Order.  The calculation shall be completed not later than one week before the pretrial conference.

**PRETRIAL CONFERENCE.**  An initial pretrial conference is hereby scheduled for **4:00 p.m. on December 13, 2023 before United States Magistrate Judge Chad W. Bryan and shall be held by video conference**.  **Not later than three days prior to the date of the pretrial conference, counsel shall confer about the issues and matters to be discussed at the pretrial conference as set forth in this Order.**  Any counsel who wants an in-custody defendant to attend must notify the Magistrate Judge not later than three days prior to the conference so that an order to produce can be issued to the United States Marshal.

At the pretrial conference defense counsel and counsel for the government shall be fully prepared to discuss all pending motions, the status of discovery, possible stipulations, and the estimated length of the trial.  Defense counsel and counsel for the government also shall be prepared to provide a commitment as to the likely final disposition of the case—by trial, plea, or

other non-trial disposition.  If resolution of a dispositive motion will affect the nature of this commitment, counsel must be fully prepared to discuss such impact with the court.  If additional time is needed for plea negotiations, counsel should be prepared to inform the court as to the date when negotiations will be completed.

**TRIAL**.  Trial is set before **United States District Judge L. Scott Coogler** on the trial term beginning **January 8, 2024,** at **10:00 a.m**., in Montgomery, Alabama, unless otherwise ordered by the court.

**PRETRIAL MOTIONS.**  All pretrial motions under Fed.R.Crim.P. 12(b) and (d), 14 and 16, all notices under Fed.R.Crim.P. 12.1, 12.2 and 12.3, and any motion to compel pursuant to **M.D. Ala. LCrR 16.1 Criminal Discovery** (a copy of this Rule may be found at http://www.almd.uscourts.gov/forms/almd-local-rules) must be filed no later than **TWO DAYS BEFORE THE FIRST PRETRIAL CONFERENCE HELD IN THIS CASE, except that if the pretrial conference falls on Monday, the deadline for filing pretrial motions is always the preceding Wednesday.**  No motion filed after said date will be considered unless filed with leave of court.  A continuance of the pretrial conference or trial does not extend the motions deadline. **THE CONFERENCING REQUIREMENT SET FORTH IN M.D. Ala. LCrR 16.1(C) CRIMINAL DISCOVERY SHALL BE MET BEFORE THE COURT WILL CONSIDER ANY DISCOVERY MOTION. THE COURT WILL DENY MOTIONS TO ADOPT MOTIONS FILED BY OTHER DEFENDANTS.**

Motions to suppress must allege specific facts that, if proven, would provide a basis of relief.  The court will summarily dismiss suppression motions that are supported only by general or conclusory assertions founded on mere suspicion or conjecture.  **All grounds upon which the defendant relies must be specifically stated in the motion in separately numbered paragraphs in a section of the motion labeled "Issues Presented."  Grounds not stated in the "Issues Presented" section of the motion will be deemed to have been waived.**  *See generally United States v. Richardson*, 764 F.2d 1514, 1526-27 (11th Cir. 1985).

The government shall file a response to **all** motions filed by the defendant **on or before five days prior to the date set for a hearing on the motion or, if no hearing is necessary, on or before ten days after the date of the pretrial conference.**

**DISCOVERY.**  All discovery in this case shall be conducted according to the requirements of **M.D. Ala. LCrR 16.1 Criminal Discovery.**  The government indicated that initial disclosures would be provided to the defendant on November 21, 2023.  Disclosures by the defendant, as required by **M.D. Ala. LCrR 16.1(a)(4)**, shall be provided on or before November 28, 2023.

**JENCKS ACT STATEMENTS.**  The government agrees to provide defense counsel with all Jencks Act statements no later than the day scheduled for the commencement of the trial.[1]

---

[1] In certain complex cases, the government may agree to earlier production.

**MANDATORY APPEARANCE OF COUNSEL.** All counsel of record are **ORDERED** to appear at all future court proceedings in this case. Any counsel who finds it impossible to be in attendance (especially at the pretrial conference, jury selection, or trial) must make arrangements to have substitute counsel appear on behalf of their client(s). However, any counsel who wishes to have substitute counsel appear must obtain permission of the court in advance, and any counsel who appears as substitute counsel for a defendant shall have full authorization from the defendant to act on his or her behalf and be fully prepared to proceed. Substitute counsel shall not be counsel for a co-defendant unless permitted by the court after proper motion.

**NOTE: Except in extraordinary circumstances or circumstances in which the Constitution would require it, the court will not entertain motions to withdraw filed by counsel who appear at arraignment unless the motions are filed within fourteen days of the date of this Order. Failure to obtain fees from a client is not an extraordinary circumstance.**

    **DONE** this the 28th day of November 2023.

                                       _____
                                       **CHAD W. BRYAN**
                                       **UNITED STATES MAGISTRATE JUDGE**